# EXHIBIT C

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) |
| COUNTY OF RICHLAND | ) FOR THE FIFTH JUDICIAL CIRCUIT |
| | ) |
| KENDRA MACON et. al, | ) Civil Action No. 2021-CP-40-02086 |
| | ) |
| Plaintiff, | ) |
| v. | ) **ANSWER TO PLAINTIFFS'** |
| | ) **COMPLAINT AND DEMAND FOR** |
| FORD MOTOR COMPANY, | ) **JURY TRIAL** |
| | ) |
| Defendants. | ) |
| | ) |

Defendant, Ford Motor Company ("Ford"), respectfully responds to the Complaint ("Complaint") filed by Plaintiff Kendra Macon, et al., as follows.

## FOR AN ANSWER TO PLAINTIFFS' COMPLAINT AND FIRST DEFENSE TO ALL CAUSES OF ACTION

Each and every allegation not specifically admitted in this Answer is expressly denied.

1.    In response to the allegations in Paragraph 1 of the Complaint, Ford admits that between 2017 and 2019 it manufactured, in part, the Ford Fiesta and Ford Focus vehicles and sold those vehicles to independent Ford dealerships. Ford admits that it created promotional materials that it provides to independent dealerships.

2.    Ford denies the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.    In response to the allegations contained in Paragraph 3 of the Complaint, Ford admits that Plaintiffs purport to quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom. Ford denies any further allegations in Paragraph 3.

4.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiffs' Complaint and therefore denies the allegations. Further,

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

Ford denies that it manufactured, sold, or advertised defective 2017-2019 Ford Fiestas and/or Ford Focuses (the "Vehicles at Issue").

5.   Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiffs' Complaint and therefore denies the allegations.  Further, Ford specifically denies that "any defects" existed in Plaintiffs' Fiesta and Focus automobiles.

6.   In response to the allegations in Paragraph 6 of the Complaint, Ford admits that it designed, in part, the Powershift automatic transmission ("Powershift"). Ford denies any further allegations in Paragraph 6.

7.   In response to the allegations contained in Paragraph 7 of the Complaint, Ford admits that Plaintiffs purport to quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom. Ford denies any further allegations in Paragraph 7.

8.   In response to the allegations contained in Paragraph 8 of the Complaint, Ford admits that Plaintiffs purport to quote a document. Ford states that the document speaks for itself and denies Plaintiffs' characterization and the conclusions drawn therefrom. Ford denies any further allegations in Paragraph 8.  Ford denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.   Ford denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Ford denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Ford denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. In response to the allegations contained in Paragraph 12 of the Complaint, Ford admits that Plaintiffs purport to quote a document. Ford states that the document speaks for itself and denies

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

Plaintiffs' characterization and the conclusions drawn therefrom. Ford denies any further allegations in Paragraph 11.

13. Ford denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. Ford denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Ford denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Ford denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

**PARTIES**

17. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiffs' Complaint and therefore denies the allegations.

18. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiffs' Complaint and therefore denies the allegations.

19. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiffs' Complaint and therefore denies the allegations.

20. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiffs' Complaint and therefore denies the allegations.

21. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiffs' Complaint and therefore denies the allegations.

22. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiffs' Complaint and therefore denies the allegations.

23. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiffs' Complaint and therefore denies the allegations.

24. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 24 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

25. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 25 of Plaintiffs' Complaint and therefore denies the allegations.

26. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiffs' Complaint and therefore denies the allegations.

27. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiffs' Complaint and therefore denies the allegations.

28. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiffs' Complaint and therefore denies the allegations.

29. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 29 of Plaintiffs' Complaint and therefore denies the allegations.

30. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiffs' Complaint and therefore denies the allegations.

31. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 31 of Plaintiffs' Complaint and therefore denies the allegations.

32. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiffs' Complaint and therefore denies the allegations.

33. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 33 of Plaintiffs' Complaint and therefore denies the allegations.

34. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 34 of Plaintiffs' Complaint and therefore denies the allegations.

35. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 35 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

36. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiffs' Complaint and therefore denies the allegations.

37. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiffs' Complaint and therefore denies the allegations.

38. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiffs' Complaint and therefore denies the allegations.

39. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 39 of Plaintiffs' Complaint and therefore denies the allegations.

40. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 40 of Plaintiffs' Complaint and therefore denies the allegations.

41. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 41 of Plaintiffs' Complaint and therefore denies the allegations.

42. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 42 of Plaintiffs' Complaint and therefore denies the allegations.

43. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 43 of Plaintiffs' Complaint and therefore denies the allegations.

44. Ford admits that is it a foreign corporation authorized to do business in the State of South Carolina. Ford admits that it manufactures, in part, Ford Fiesta and Focus vehicles and sells those vehicles to independent Ford dealerships. Ford admits that it provides a New Vehicle Limited Warranty with its vehicles, and that it creates promotional materials that it provides to independent dealerships. Ford denies the remaining allegations in Paragraph 44.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

## JURISDICTION AND VENUE

45. Paragraph 45 of Plaintiffs' Complaint contains an interpretation of the South Carolina Code of Laws, South Carolina Constitution, and legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford denies the allegations in this Paragraph.

46. Paragraph 46 of Plaintiffs' Complaint contains an interpretation of the South Carolina Code of Laws and legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford denies the allegations in this Paragraph.

47. Paragraph 47 of Plaintiffs' Complaint contains an interpretation of the South Carolina Code of Laws and legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford denies the allegations in this Paragraph.

## FACTUAL ALLEGATIONS

### Factual Allegations for Barbara Bailey

48. In response to Paragraph 48 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-47 of Plaintiffs' Complaint.

49. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 49 of Plaintiffs' Complaint and therefore denies the allegations.

50. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 50 of Plaintiffs' Complaint and therefore denies the allegations.

51. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 51 of Plaintiffs' Complaint and therefore denies the allegations.

52. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 52 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

## Factual Allegations for Deneice Campbell

53. In response to Paragraph 53 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-52 of Plaintiffs' Complaint.

54. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 54 of Plaintiffs' Complaint and therefore denies the allegations.

55. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 55 of Plaintiffs' Complaint and therefore denies the allegations.

56. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 56 of Plaintiffs' Complaint and therefore denies the allegations.

## Factual Allegations for Jayda Chisolm

57. In response to Paragraph 57 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-56 of Plaintiffs' Complaint.

58. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 58 of Plaintiffs' Complaint and therefore denies the allegations.

59. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 59 of Plaintiffs' Complaint and therefore denies the allegations.

60. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 60 of Plaintiffs' Complaint and therefore denies the allegations.

## Factual Allegations for Sydney Dash

61. In response to Paragraph 61 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-60 of Plaintiffs' Complaint.

62. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 62 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

63. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 63 of Plaintiffs' Complaint and therefore denies the allegations.

64. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 64 of Plaintiffs' Complaint and therefore denies the allegations.

65. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 65 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Joseph Dickson**

66. In response to Paragraph 66 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-65 of Plaintiffs' Complaint.

67. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 67 of Plaintiffs' Complaint and therefore denies the allegations.

68. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 68 of Plaintiffs' Complaint and therefore denies the allegations.

69. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 69 of Plaintiffs' Complaint and therefore denies the allegations.

70. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 70 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Angela Dorsey**

71. In response to Paragraph 71 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-70 of Plaintiffs' Complaint.

72. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 72 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

73. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 73 of Plaintiffs' Complaint and therefore denies the allegations.

74. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 74 of Plaintiffs' Complaint and therefore denies the allegations.

75. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 75 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Douglas Douds**

76. In response to Paragraph 76 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-75 of Plaintiffs' Complaint.

77. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 77 of Plaintiffs' Complaint and therefore denies the allegations.

78. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 78 of Plaintiffs' Complaint and therefore denies the allegations.

79. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 79 of Plaintiffs' Complaint and therefore denies the allegations.

80. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 80 of Plaintiffs' Complaint and therefore denies the allegations.

81. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 81 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Jason Eugene**

82. In response to Paragraph 82 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-81 of Plaintiffs' Complaint.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

83. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 83 of Plaintiffs' Complaint and therefore denies the allegations.

84. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 84 of Plaintiffs' Complaint and therefore denies the allegations.

85. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 85 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Edward Everitt**

86. In response to Paragraph 86 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-85 of Plaintiffs' Complaint.

87. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 87 of Plaintiffs' Complaint and therefore denies the allegations.

88. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 88 of Plaintiffs' Complaint and therefore denies the allegations.

89. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 89 of Plaintiffs' Complaint and therefore denies the allegations.

90. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 90 of Plaintiffs' Complaint and therefore denies the allegations.

91. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 91 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Dorothy Fallon**

92. In response to Paragraph 92 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-91 of Plaintiffs' Complaint.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

93. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 93 of Plaintiffs' Complaint and therefore denies the allegations.

94. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 94 of Plaintiffs' Complaint and therefore denies the allegations.

95. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 95 of Plaintiffs' Complaint and therefore denies the allegations.

96. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 96 of Plaintiffs' Complaint and therefore denies the allegations.

97. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 97 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Elsie Green**

98. In response to Paragraph 98 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-97 of Plaintiffs' Complaint.

99. Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 99 of Plaintiffs' Complaint and therefore denies the allegations.

100.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 100 of Plaintiffs' Complaint and therefore denies the allegations.

101.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 101 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

102.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 102 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Tiffany Hudson**

103.    In response to Paragraph 103 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-102 of Plaintiffs' Complaint.

104.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 104 of Plaintiffs' Complaint and therefore denies the allegations.

105.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 105 of Plaintiffs' Complaint and therefore denies the allegations.

106.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 106 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Spencer Lieberman**

107.    In response to Paragraph 107 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-106 of Plaintiffs' Complaint.

108.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 108 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

109.     Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 109 of Plaintiffs' Complaint and therefore denies the allegations.

110.     Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 110 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Kendra Macon**

111.     In response to Paragraph 111 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-110 of Plaintiffs' Complaint.

112.     Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 112 of Plaintiffs' Complaint and therefore denies the allegations.

113.     Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 113 of Plaintiffs' Complaint and therefore denies the allegations.

114.     Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 114 of Plaintiffs' Complaint and therefore denies the allegations.

115.     Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 115 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

**Factual Allegations for David McAllister**

116.    In response to Paragraph 116 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-115 of Plaintiffs' Complaint.

117.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 117 of Plaintiffs' Complaint and therefore denies the allegations.

118.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 118 of Plaintiffs' Complaint and therefore denies the allegations.

119.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 119 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Keith Moore**

120.    In response to Paragraph 120 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-119 of Plaintiffs' Complaint.

121.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 121 of Plaintiffs' Complaint and therefore denies the allegations.

122.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 122 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

123.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 123 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Benjamin Mosier**

124.    In response to Paragraph 124 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-123 of Plaintiffs' Complaint.

125.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 125 of Plaintiffs' Complaint and therefore denies the allegations.

126.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 126 of Plaintiffs' Complaint and therefore denies the allegations.

127.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 127 of Plaintiffs' Complaint and therefore denies the allegations.

128.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 128 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Matthew Myers**

129.    In response to Paragraph 129 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-128 of Plaintiffs' Complaint.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

130.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 130 of Plaintiffs' Complaint and therefore denies the allegations.

131.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 131 of Plaintiffs' Complaint and therefore denies the allegations.

132.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 132 of Plaintiffs' Complaint and therefore denies the allegations.

133.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 133 of Plaintiffs' Complaint and therefore denies the allegations.

134.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 134 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Rita Parkison**

135.    In response to Paragraph 135 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-134 of Plaintiffs' Complaint.

136.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 136 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

137.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 137 of Plaintiffs' Complaint and therefore denies the allegations.

138.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 138 of Plaintiffs' Complaint and therefore denies the allegations.

139.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 139 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for David Reed**

140.    In response to Paragraph 140 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-139 of Plaintiffs' Complaint.

141.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 141 of Plaintiffs' Complaint and therefore denies the allegations.

142.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 142 of Plaintiffs' Complaint and therefore denies the allegations.

143.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 143 of Plaintiffs' Complaint and therefore denies the allegations.

144.      Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 144 of Plaintiffs' Complaint and therefore denies the allegations.

145.      Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 145 of Plaintiffs' Complaint and therefore denies the allegations.

146.      Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 146 of Plaintiffs' Complaint and therefore denies the allegations.

147.      Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 147 of Plaintiffs' Complaint and therefore denies the allegations.

148.      Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 148 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for April Robinson**

149.      In response to Paragraph 149 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-148 of Plaintiffs' Complaint.

150.      Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 150 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

151.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 151 of Plaintiffs' Complaint and therefore denies the allegations.

152.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 152 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Michele Rowell**

153.    In response to Paragraph 153 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-152 of Plaintiffs' Complaint.

154.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 154 of Plaintiffs' Complaint and therefore denies the allegations.

155.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 155 of Plaintiffs' Complaint and therefore denies the allegations.

156.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 156 of Plaintiffs' Complaint and therefore denies the allegations.

157.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 157 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

158.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 158 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Sue Sims**

159.    In response to Paragraph 159 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-158 of Plaintiffs' Complaint.

160.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 160 of Plaintiffs' Complaint and therefore denies the allegations.

161.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 161 of Plaintiffs' Complaint and therefore denies the allegations.

162.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 162 of Plaintiffs' Complaint and therefore denies the allegations.

163.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 163 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Tonya Taylor**

164.    In response to Paragraph 164 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-163 of Plaintiffs' Complaint.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

165.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 165 of Plaintiffs' Complaint and therefore denies the allegations.

166.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 166 of Plaintiffs' Complaint and therefore denies the allegations.

167.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 167 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Gabrielle Thompkins**

168.    In response to Paragraph 168 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-167 of Plaintiffs' Complaint.

169.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 169 of Plaintiffs' Complaint and therefore denies the allegations.

170.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 170 of Plaintiffs' Complaint and therefore denies the allegations.

171.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 171 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

172.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 172 of Plaintiffs' Complaint and therefore denies the allegations.

173.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 173 of Plaintiffs' Complaint and therefore denies the allegations.

174.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 174 of Plaintiffs' Complaint and therefore denies the allegations.

175.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 175 of Plaintiffs' Complaint and therefore denies the allegations.

176.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 176 of Plaintiffs' Complaint and therefore denies the allegations.

177.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 177 of Plaintiffs' Complaint and therefore denies the allegations.

178.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 178 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

179.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 179 of Plaintiffs' Complaint and therefore denies the allegations.

180.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 180 of Plaintiffs' Complaint and therefore denies the allegations.

181.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 181 of Plaintiffs' Complaint and therefore denies the allegations.

**Factual Allegations for Jeffrey Wood**

182.    In response to Paragraph 182 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-181 of Plaintiffs' Complaint.

183.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 183 of Plaintiffs' Complaint and therefore denies the allegations.

184.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 184 of Plaintiffs' Complaint and therefore denies the allegations.

185.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 185 of Plaintiffs' Complaint and therefore denies the allegations.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

186.     Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 186 of Plaintiffs' Complaint and therefore denies the allegations.

## **FOR A FIRST DEFENSE TO A FIRST CAUSE OF ACTION**

187.     In response to Paragraph 187 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-186 of Plaintiffs' Complaint.

188.     Paragraph 188 of Plaintiffs' Complaint contains an interpretation of the South Carolina Code of Laws and legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford denies the allegations in this Paragraph.

189.     Paragraph 189 of Plaintiffs' Complaint contains an interpretation of the South Carolina Code of Laws and legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford denies the allegations in this Paragraph.

190.     Paragraph 190 of Plaintiffs' Complaint contains an interpretation of the South Carolina Code of Laws and legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford denies the allegations in this Paragraph.

191.     Ford denies the allegations contained in Paragraph 191 of Plaintiffs' Complaint.

192.     Ford denies the allegations contained in Paragraph 192 of Plaintiffs' Complaint.

193.     Ford denies the allegations contained in Paragraph 193 of Plaintiffs' Complaint.

194.     Ford denies the allegations contained in Paragraph 194 of Plaintiffs' Complaint.

195.     Ford denies the allegations contained in Paragraph 195 of Plaintiffs' Complaint.

196.     Ford denies the allegations contained in Paragraph 196 of Plaintiffs' Complaint.

197.     Ford denies the allegations contained in Paragraph 197 of Plaintiffs' Complaint.

198.     Ford denies the allegations contained in Paragraph 198 of Plaintiffs' Complaint.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

199.    Ford denies the allegations contained in Paragraph 199 of Plaintiffs' Complaint.

200.    Ford denies the allegations contained in Paragraph 200 of Plaintiffs' Complaint.

201.    Ford denies the allegations contained in Paragraph 201 of Plaintiffs' Complaint.

202.    Ford denies the allegations contained in Paragraph 202 of Plaintiffs' Complaint.

203.    Ford denies the allegations contained in Paragraph 203 of Plaintiffs' Complaint.

204.    Ford denies the allegations contained in Paragraph 204 of Plaintiffs' Complaint.

**FOR A FIRST DEFENSE TO A SECOND CAUSE OF ACTION**

205.    In response to Paragraph 205 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-204 of Plaintiffs' Complaint.

206.    Paragraph 206 of Plaintiffs' Complaint contains an interpretation of the South Carolina Code of Laws and legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford denies the allegations in this Paragraph.

207.    Paragraph 207 of Plaintiffs' Complaint contains an interpretation of the South Carolina Code of Laws and legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford denies the allegations in this Paragraph.

208.    Paragraph 208 of Plaintiffs' Complaint contains an interpretation of the South Carolina Code of Laws and legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford denies the allegations in this Paragraph.

209.    Ford denies the allegations contained in Paragraph 209 of Plaintiffs' Complaint.

210.    Ford denies the allegations contained in Paragraph 210 of Plaintiffs' Complaint.

211.    Ford denies the allegations contained in Paragraph 211 of Plaintiffs' Complaint.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

## FOR A FIRST DEFENSE TO A THIRD CAUSE OF ACTION

212.     In response to Paragraph 212 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-211 of Plaintiffs' Complaint.

213.     Paragraph 213 of Plaintiffs' Complaint contains legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford is without information and knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 213 of Plaintiffs' Complaint and therefore denies the allegations.

214.     In response to Paragraph 214 of the Complaint, Ford admits that it is a corporation engaged in the business of manufacturing, in part, the Plaintiffs' automobiles. Ford denies the remaining allegations in Paragraph 214 of the Complaint.

215.     Paragraph 215 of Plaintiffs' Complaint contains legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford admits the Magnuson-Moss Warranty Act is applicable to some consumer products manufactured after July 4, 1975 and that new vehicles cost in excess of ten dollars ($10.00). Ford is without information and knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 215 of Plaintiffs' Complaint and therefore denies the allegations.

216.     In response to Paragraph 216 of the Complaint, Ford admits that its authorized dealers provide the original purchaser or lessee of its vehicles with Ford's express, limited, new vehicle, written warranty at the time of the initial retail sale or lease. Ford further states that this express, limited, new vehicle, written warranty speaks for itself, and denies this warranty failed of its essential purpose or that it is not the exclusive remedy.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

217.    In response to Paragraph 217 of the Complaint, Ford admits that its authorized dealers provide the original purchaser or lessee of its vehicles with Ford's express, limited, new vehicle, written warranty at the time of the initial retail sale or lease.

218.    In response to Paragraph 218 of the Complaint, Ford admits Plaintiffs purport to summarize portions of Ford's "Bumper to Bumper Limited Warranty." Ford otherwise states that Ford's "Bumper to Bumper Limited Warranty" speaks for itself and denies Plaintiffs' characterization thereof.

219.    In response to Paragraph 219 of the Complaint, Ford admits Plaintiffs purport to summarize portions of Ford's "Powertrain Limited Warranty." Ford otherwise states that Ford's "Powertrain Limited Warranty" speaks for itself and denies Plaintiffs' characterization thereof.

220.    Ford denies the allegations contained in Paragraph 220 of Plaintiffs' Complaint.

221.    Ford denies the allegations contained in Paragraph 221 of Plaintiffs' Complaint.

222.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 222 of Plaintiffs' Complaint and therefore denies the allegations.

223.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 223 of Plaintiffs' Complaint and therefore denies the allegations.

224.    Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 224 of Plaintiffs' Complaint and therefore denies the allegations.

225.    Ford denies the allegations contained in Paragraph 225 of Plaintiffs' Complaint.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

226.     Ford is without information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 226 of Plaintiffs' Complaint and therefore denies the allegations.

227.     Ford denies the allegations contained in Paragraph 227 of Plaintiffs' Complaint.

228.     Ford denies the allegations contained in Paragraph 228 of Plaintiffs' Complaint. Ford further denies Plaintiffs are entitled to any of the relief identified.

**<u>FOR A FIRST DEFENSE TO A FOURTH CAUSE OF ACTION</u>**

229.     In response to Paragraph 229 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-228 of Plaintiffs' Complaint.

230.     Paragraph 230 of Plaintiffs' Complaint contains legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford admits that its authorized dealers provide the original purchaser or lessee of its vehicles with Ford's express, limited, new vehicle, written warranty at the time of the initial retail sale or lease. Ford further states that this express, limited, new vehicle, written warranty is the only warranty applicable to Ford vehicles. Ford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 230 of the Complaint, and therefore denies those allegations.

231.     In response to Paragraph 231 of the Complaint, Ford admits that it is a corporation engaged in the business of manufacturing, in part, the Plaintiffs' automobiles. Ford denies the remaining allegations in Paragraph 231.

232.     Paragraph 232 of Plaintiffs' Complaint contains legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford denies the allegations in this Paragraph.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

233.    Paragraph 233 of Plaintiffs' Complaint contains legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford admits that its authorized dealers provide the original purchaser or lessee of its vehicles with Ford's express, limited, new vehicle, written warranty at the time of the initial retail sale or lease. Ford further states that this express, limited, new vehicle, written warranty is the only warranty applicable to Ford vehicles. Ford denies the remaining allegations in Paragraph 233 of the Complaint to the extent the allegations are inconsistent with that warranty.

234.    Paragraph 234 of Plaintiffs' Complaint contains legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford admits that its authorized dealers provide the original purchaser or lessee of its vehicles with Ford's express, limited, new vehicle, written warranty at the time of the initial retail sale or lease. Ford further states that this express, limited, new vehicle, written warranty is the only warranty applicable to Ford vehicles. Ford denies the remaining allegations in Paragraph 234 of the Complaint to the extent the allegations are inconsistent with that warranty.

235.    Paragraph 235 of Plaintiffs' Complaint contains legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford admits that its authorized dealers provide the original purchaser or lessee of its vehicles with Ford's express, limited, new vehicle, written warranty at the time of the initial retail sale or lease. Ford further states that this express, limited, new vehicle, written warranty is the only warranty applicable to Ford vehicles. Ford denies the remaining allegations in Paragraph 235 of the Complaint to the extent the allegations are inconsistent with that warranty.

236.    Ford denies the allegations contained in Paragraph 236 of Plaintiffs' Complaint.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

237.     Ford denies the allegations contained in Paragraph 237 of Plaintiffs' Complaint. Ford further denies Plaintiffs are entitled to any of the relief identified.

## FOR A FIRST DEFENSE TO A FIFTH CAUSE OF ACTION

238.     In response to Paragraph 238 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-237 of Plaintiffs' Complaint.

239.     Paragraph 239 of Plaintiffs' Complaint contains an interpretation of the South Carolina Code of Laws and legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford denies the allegations in this Paragraph.

240.     Paragraph 240 of Plaintiffs' Complaint contains an interpretation of the South Carolina Code of Laws and legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford denies the allegations in this Paragraph.

241.     In response to Paragraph 241 of the Complaint, Ford admits that its authorized dealers provide the original purchaser or lessee of its vehicles with Ford's express, limited, new vehicle, written warranty at the time of the initial retail sale or lease. Ford further states that this express, limited, new vehicle, written warranty speaks for itself and denies Plaintiffs' characterization thereof.

242.     In response to Paragraph 242 of the Complaint, Ford admits that its authorized dealers provide the original purchaser or lessee of its vehicles with Ford's express, limited, new vehicle, written warranty at the time of the initial retail sale or lease. Ford further states that this express, limited, new vehicle, written warranty speaks for itself and denies Plaintiffs' characterization thereof.

243.     Ford denies the allegations contained in Paragraph 243 of Plaintiffs' Complaint.

244.     Ford denies the allegations contained in Paragraph 244 of Plaintiffs' Complaint.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

245.     Ford denies the allegations contained in Paragraph 245 of Plaintiffs' Complaint.

246.     Ford denies the allegations contained in Paragraph 246 of Plaintiffs' Complaint. Ford further denies Plaintiffs are entitled to any of the relief identified.

247.     Ford denies the allegations contained in Paragraph 247 of Plaintiffs' Complaint.

248.     Ford denies the allegations contained in Paragraph 248 of Plaintiffs' Complaint.

249.     Ford denies the allegations contained in Paragraph 249 of Plaintiffs' Complaint.

250.     Ford denies the allegations contained in Paragraph 250 of Plaintiffs' Complaint.

251.     Ford denies the allegations contained in Paragraph 251 of Plaintiffs' Complaint.

### **FOR A FIRST DEFENSE TO A SIXTH CAUSE OF ACTION**

252.     In response to Paragraph 252 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-251 of Plaintiffs' Complaint.

253.     Paragraph 253 of Plaintiffs' Complaint contains an interpretation of the South Carolina Code of Laws and legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford denies the allegations in this Paragraph.

254.     Paragraph 254 of Plaintiffs' Complaint contains an interpretation of the South Carolina Code of Laws and legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford denies the allegations in this Paragraph.

255.     Paragraph 255 of Plaintiffs' Complaint contains an interpretation of the South Carolina Code of Laws and legal conclusions, and therefore no answer is required. To the extent an answer is deemed required, Ford admits its authorized dealers to provide the original purchaser or lessee of its vehicles with Ford's express, limited, new vehicle, written warranty at the time of the initial retail sale or lease. Ford further states that this express, limited, new vehicle, written

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

warranty is the only warranty applicable to Ford vehicles. Ford denies the allegations in Paragraph 255 of the Complaint to the extent the allegations are inconsistent with that warranty.

256.     Ford denies the allegations contained in Paragraph 256 of Plaintiffs' Complaint.

257.     Ford denies the allegations contained in Paragraph 257 of Plaintiffs' Complaint. Ford further denies Plaintiffs are entitled to any of the relief identified.

258.     Ford denies the allegations contained in Paragraph 258 of Plaintiffs' Complaint.

## FOR A FIRST DEFENSE TO A SEVENTH CAUSE OF ACTION

259.     In response to Paragraph 259 of Plaintiffs' Complaint, Ford restates and incorporates by reference its response to Paragraphs 1-258 of Plaintiffs' Complaint.

260.     Ford denies the allegations contained in Paragraph 260 of Plaintiffs' Complaint.

261.     Ford denies the allegations contained in Paragraph 261 of Plaintiffs' Complaint.

262.     Ford denies the allegations contained in Paragraph 262 of Plaintiffs' Complaint.

263.     Ford denies the allegations contained in Paragraph 263 of Plaintiffs' Complaint. Ford further denies Plaintiffs are entitled to any of the relief identified.

## RELIEF REQUESTED

264.     In response to Paragraph 264 of the Complaint, Ford denies that Plaintiffs are entitled to any of the relief identified.

265.     Ford denies that the claims are properly joined and reserves the right to seek severance for individual trials.

## AFFIRMATIVE DEFENSES

## AS A SECOND DEFENSE
## (FAILURE TO STATE A CLAIM)

266.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

## AS A THIRD DEFENSE
## (EFFECT OF ALLEGED DEFECT)

267.    The alleged defects in the Subject Vehicle, if any, do not substantially impair its use, market value, or safety.

## AS A FOURTH DEFENSE
## (COMPLIANCE WITH OBLIGATIONS)

268.    Ford has completely performed and fulfilled all of its obligations under and pursuant to the only warranty of any kind, either express or implied, written or oral, which it or anyone acting on its behalf has made with respect to the Subject Vehicle or any of its component parts referred to in the Complaint. This limited written express warranty was provided to the original consumer, purchaser or lessee, at the time of the initial retail sale or lease of the Subject Vehicle, and this document speaks for itself.

## AS A FIFTH DEFENSE
## (MISUSE)

269.    Plaintiff's damages, if any, may have been caused by misuse, abuse, neglect, failure to provide reasonable and necessary maintenance, unauthorized alteration or modification of the Subject Vehicle.

## AS A SIXTH DEFENSE
## (ACTS OF THIRD PARTIES)

270.    Plaintiff's damages, if any, may have been caused by the acts or omissions of third-parties or other entities, for which Ford has or had no control, or right of control, and for whom it is not responsible.

## AS AN SEVENTH DEFENSE
## (AGENCY)

271.    Ford states that no Ford-authorized selling or servicing dealership is an agent of Ford Motor Company, and therefore any alleged misrepresentations, fraudulent acts and/or sales

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

practices of the dealership are not attributable to Defendant Ford.

### AS AN EIGHTH DEFENSE
### (APPLICABLE LEGAL DEFENSES)

272.     To the extent the following affirmative defenses are applicable, based upon the evidence known in this matter or may be determined in the future, and to preserve the same, Ford invokes the following defenses of accord and satisfaction, arbitration and award, contributory negligence, comparative negligence, assumption of the risk, waiver, equitable estoppel, judicial estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, collateral estoppel, statute of frauds, any applicable statute of repose, and any other matter constituting an avoidance or affirmative defense.

### AS A NINTH DEFENSE
### (CONSTITUTIONALITY OF PUNITIVE DAMAGES)

273.     Ford's conduct does not give rise to liability for punitive damages under the laws controlling the action. The imposition of punitive damages would violate the equal protection, due process, and excessive fines clauses of the United States and South Carolina Constitutions.  With respect to Plaintiffs' demand for punitive damages, [defendant] specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arise in the decisions of *Garrison v. Target Corp.*, No. 2017-000267, 2020 WL 216297 (S.C. Ct. App. Jan. 15, 2020); *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman tool Group, Inc.*, 532 U.S. 425 (2001), and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513 (2003).  Because punitive damages are quasi-criminal in nature, the Due Process Clause of the Fourteenth Amendment of the United States Constitution protects [the defendant] from unreasonable punitive damages awards.  *See Garrison*, at *6 (quoting *Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 52, 691 S.E.2d 135,

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

150 (2010)). To the extent a punitive damages award is excessive, it constitutes an arbitrary deprivation of property. *See id.* (quoting *Mitchell, Jr. v. Fortis Ins. Co.*, 385 S.C. 570, 583, 686 S.E.2d 176, 183 (2009)). Subject to the Due Process Clause, with regard to any punitive damages award, clear and convincing evidence must support a conclusion that: (a) the plaintiff's harm was proximately caused by [the defendant's] willful, wanton, or reckless conduct with regard to plaintiff's rights; (b) a reasonable relationship exists between the amount of the punitive damages awarded and the degree of reprehensibility of [the defendant's] conduct; (c) the disparity between the actual and potential damages suffered by the plaintiff and the amount of the punitive damages award does not exceed a ratio of 9:1; and (d) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases is not unreasonably disparate. *See Garrison* at *9-*12 (internal citations omitted).

**AS A TENTH DEFENSE**
**(INAPPLICABILITY OF PUNITIVE DAMAGES)**

274.    Ford's conduct does not give rise to liability for punitive damages under the laws controlling the action. Punitive damages may only be awarded: (a) subject to a bifurcated trial under which the jury determines liability for compensatory damages and their amount first, followed by a separate trial before the same jury of all punitive issues, including punitive liability; (b) if, in the first stage of trial, the plaintiff proves the elements of her case for actual damages by a preponderance of the evidence; (c) if, during the first stage of trial, the jury awards plaintiff compensatory or nominal damages; (d) if the plaintiff proves by *clear and convincing evidence* that his harm was the result of the defendant's willful, wanton, or reckless conduct; (e) following the trial court's review of the jury's decision to grant punitive damages, pursuant to South Carolina Code section 15-32-520(F); and (f) in a case with multiple defendants, if the punitive damages

award(s) are specific to each defendant, who is severally liable only for those punitive damages assigned by the jury to him.  *See* S.C. Code Ann. § 15-32-320.

**AS AN ELEVENTH DEFENSE**
**(PUNITIVE DAMAGES CAP)**

275.    Ford's conduct does not give rise to liability for punitive damages under the laws controlling the action. Plaintiff's rights to recover punitive damages, if any, are limited by caps as set forth in the South Carolina Code, section 15-32-530.

**AS A TWELFTH DEFENSE**
**(WAIVER)**

276.    Ford's investigation into this matter is continuing, but Ford affirmatively alleges that Plaintiff may have waived any right they may have had to bring this action by virtue of their acts, omissions, conduct, and direct dealings.

**AS A THIRTEENTH DEFENSE**
**(ACCORD AND SATISFACTION)**

277.    Without admitting the existence of any duties or obligations as alleged in Plaintiffs' Complaint, Ford affirmatively alleges that any duties or obligations, contractual or otherwise, which Plaintiff claims are owed by Ford to Plaintiff have been fully performed, satisfied, or discharged.

**AS A FOURTEENTH DEFENSE**
**(ALTERNATIVE DISPUTE RESOLUTION)**

278.    Ford is informed and believes, and based thereon alleges, that Plaintiffs entered into a binding arbitration agreement with Ford and/or the dealership from which Plaintiffs purchased their vehicles.  Ford, therefore, may elect to exercise its right and pursue resolution of this dispute through arbitration.

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

279.    Further, Plaintiffs have failed to resort to Ford's informal dispute settlement procedures as required by 15 U.S.C. §2310, thus, they have failed to properly assert a claim under the Magnuson-Moss Warranty Act.

### AS A FIFTEENTH DEFENSE
### (RESERVATION OF RIGHTS)

280.    Ford has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of Plaintiffs' allegations. Ford intends to act as best it can to inform itself as to the pertinent facts and prevailing circumstances surrounding any reported injury or damage to Plaintiffs as alleged in the Complaint and gives notice of its intent to assert any further affirmative defenses that its information gathering process may indicate is supported by fact and law.

### JURY DEMAND

281.    Defendant Ford Motor Company hereby demands a jury trial for all issues so triable.

**WHEREFORE**, having fully answered Plaintiffs' Complaint, Ford respectfully requests that Plaintiffs take nothing for their Complaint, that the same be dismissed with prejudice on merits, that Ford have and recover its costs, disbursements, and attorneys' fees incurred in this matter, and that Ford receive all other relief which this Court deems as reasonable and just.

*(Signature block on following page)*

BOWMAN AND BROOKE LLP

By: *s/ Angela G. Strickland*

Angela G. Strickland (SC Bar No. 73705)
Angela.Strickland@bowmanandbrooke.com
Sandra G. Ezell
Sandra.Ezell@bowmanandbrooke.com
Robert L. Wise
Rob.Wise@bowmanandbrooke.com
Heather M. Fields
Heather.Fields@bowmanandbrooke.com
1441 Main Street, Suite 1200
Columbia, SC 29201
Tel.: 803-726-7420
Fax: 803-726-7421

*Counsel for Defendant Ford Motor Company*

June 16, 2021
Columbia, SC

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of June 2021, a copy of the foregoing **ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL** was filed electronically, which will serve all counsel of record.

s/ Angela G. Strickland
Angela G. Strickland (SC Bar No. 73705)

ELECTRONICALLY FILED - 2021 Jun 16 12:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002086